PER CURIAM.
We reverse the circuit court’s order granting summary judgment for appellee, on the authority of our recent decisions in Practice Management Associates, Inc. v. Blickensderfer, 630 So.2d 1147 (Fla. 2d DCA 1993), and Practice Management Associates, Inc. v. Orman, 614 So.2d 1135 (Fla. 2d DCA 1993).
Although the circuit court properly looked to Maine law in the present case (appellee Bruce Abelson is licensed and practices in the state of Maine), we cannot agree that the “Practice Starter Agreement” between ap-pellee and appellant Practice Management Association constitutes “fee splitting” as prohibited by 32 Maine Revised Statutes, section 502(5). Our research has uncovered no cases interpreting this particular provision, but the wording on its face indicates the Maine legis *1155 lature has proscribed the practice of fee splitting as that term is traditionally understood, whereas “[t]he Practice Starter Agreement provides a method of compensation that does not fall within conventional definitions of fee splitting.” Orman, 614 So.2d at 1137.
Reversed.
CAMPBELL, A.C.J., and PARKER and PATTERSON, JJ., concur.